UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BYRON HALL                                                    CIVIL ACTION

VERSUS

GERALD LANE, ET AL.                                           NO.: 12-00528-BAJ-SCR

RULING AND ORDER

Before the Court is **Plaintiff Byron Hall's Motion for Partial Summary Judgment (Doc. 62)**, filed by Plaintiff Byron Hall ("Hall"), seeking an order from this Court granting him summary judgment, pursuant to Federal Rule of Civil Procedure 56, and precluding Defendants Gerry Lane Enterprises, Inc. and Eric Lane[1] (collectively "Defendants") from asserting the *Faragher/Ellerth* affirmative defense.[2] Defendants oppose the motion. (Doc. 64.) Oral argument is not necessary. Jurisdiction is proper, pursuant to 28 U.S.C. § 1331. For the reasons stated herein, Hall's motion is **GRANTED IN PART** and **DENIED IN PART**.

I. Background

Hall filed this employment discrimination lawsuit pursuant to Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* and 42 U.S.C. § 1981. Hall

---

[1] Following Defendant Gerald R. Lane's May 2013 death, Defendant Eric Lane was named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Doc. 46.)

[2] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

alleges that Defendants discriminated against him on the basis of his race, national origin, and sex and constructively discharged him from his sales representative position at Gerry Lane Chevrolet in Baton Rouge, Louisiana. Specifically, Hall alleges that dealership owner, Gerald R. Lane, and others created a hostile work environment in which Hall was subjected to discriminatory comments, name-calling, abusive language, intimidation, racial slurs, and unwelcome physical contact. Hall further alleges that Defendants are liable for intentional infliction of emotional distress and assault and battery. According to Hall, Defendants also retaliated against him in response to his complaints of unlawful discrimination.

As to the instant motion, Hall seeks an order from this Court precluding Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged bad acts of its supervisors who acted as the Company's proxy.

Defendants contend that Hall's motion was filed after the deadline for dispositive motions. Thus, Defendants argue that it must be dismissed as untimely. Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Hall's allegations regarding the acts of Gerald R. Lane. Defendants contend, however, that Hall has failed to identify, or allege harassment claims against, any other employees. Thus, Defendants argue that the *Faragher/Ellerth* defense is inapplicable, and Hall's motion for partial summary judgment must be denied.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323; *Liquid Air Corp.*, 37 F.3d at 1075.

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable

inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

### III. Analysis

#### A. Timeliness

Defendants argue that Hall's motion must be dismissed as untimely because it was filed after the dispositive motion deadline. Pursuant to the Court's Amended Scheduling Order, dispositive motions were required to be "filed by February 17, 2014." (Doc. 56, p. 2.) Hall filed the instant motion on February 18, 2014 - one day after the deadline. Hall did not request nor obtain an extension of time in which to file the instant motion.

Rule 6 specifies the method for computing time when a deadline is stated in terms of hours, days, or a longer unit of time. The rule provides that if the last day of the time period falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(1)(C). February 17, 2014 was a federal holiday (Washington's Birthday). However, as pointed out in the advisory committee notes to the 2009

4

amendments to Rule 6, "[t]he time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. Fed.R.Civ.P. 6(a), advisory committee notes. Thus, Rule 6(a) is inapplicable here because the Court specified a date certain for the filing of dispositive motions. *Miller v. City of Ithaca*, No. 3:10-cv-597, 2012 U.S. Dist. LEXIS 63433, at *4-5 (N.D.N.Y May 4, 2012); *Murphy v. Auto Advantage, Inc.*, No. 1:11cv11, 2012 U.S. Dist. LEXIS 2396, at * (W.D.N.C. Jan. 6, 2012).

Nevertheless, the Court finds that Hall's motion was timely. It is the longstanding policy of this Court to set dates certain that do not fall on weekends or legal holidays. *See, e.g.*, Doc. 60, p. 2 (resetting a trial date because the original date fell on a federal holiday). As such, the Court concludes that the setting of the dispositive motion deadline on February 17, 2014, a legal holiday as defined by Rule 6(a)(6), was an oversight. Accordingly, the undersigned hereby amends the scheduling order to set February 18, 2014 as the final day for filing dispositive motions. Under the revised scheduling order, Hall's motion is timely. *JLM Advanced Tech. Servs. v. Int'l Paper Co.*, No. CV410-218, 2011 U.S. Dist. LEXIS 36695, at *2-3 (S.D. Ga. Apr. 4, 2011).

### B. Whether Defendants Are Precluded From Asserting the *Faragher/Ellerth* Defense

The general rule is that an employer is automatically liable for its proxies' harassment of employees. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993). The *Faragher/Ellerth* defense protects an employer from vicarious liability in hostile work environment actions when no tangible employment action is taken against an

5

employee. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). *See also Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir. 2000) ("this is the employer's only affirmative defense in a supervisor sexual harassment case post *Faragher/Ellerth*, and it is available only in a hostile environment situation."). Under *Faragher/Ellerth*, an employer may avoid liability for its employees' actions by showing that "(a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765; *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383-84 (5th Cir. 2003). However, the *Faragher/Ellerth* defense is not available in all cases. An employer may not assert the defense in two situations when vicarious liability automatically applies: (1) when the harassing supervisor is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy," or (2) "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Ackel*, 339 F.3d at 383-84 (internal citations and quotation marks omitted).

As noted above, Defendants do not oppose Hall's motion as it relates to the alleged acts of Gerald R. Lane. Indeed, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Hall's allegations regarding the acts of Gerald R. Lane because he was a proxy for the Company. (Doc. 64, p. 7.); *see also Ackel*, 339 F.3d at 383-84. Accordingly, Hall's request that the Court preclude

employee. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). *See also Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir. 2000) ("this is the employer's only affirmative defense in a supervisor sexual harassment case post *Faragher/Ellerth*, and it is available only in a hostile environment situation."). Under *Faragher/Ellerth*, an employer may avoid liability for its employees' actions by showing that "(a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765; *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383-84 (5th Cir. 2003). However, the *Faragher/Ellerth* defense is not available in all cases. An employer may not assert the defense in two situations when vicarious liability automatically applies: (1) when the harassing supervisor is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy," or (2) "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Ackel*, 339 F.3d at 383-84 (internal citations and quotation marks omitted).

As noted above, Defendants do not oppose Hall's motion as it relates to the alleged acts of Gerald R. Lane. Indeed, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Hall's allegations regarding the acts of Gerald R. Lane because he was a proxy for the Company. (Doc. 64, p. 7.); *see also Ackel*, 339 F.3d at 383-84. Accordingly, Hall's request that the Court preclude

employee. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). *See also Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir. 2000) ("this is the employer's only affirmative defense in a supervisor sexual harassment case post *Faragher/Ellerth*, and it is available only in a hostile environment situation."). Under *Faragher/Ellerth*, an employer may avoid liability for its employees' actions by showing that "(a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765; *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383-84 (5th Cir. 2003). However, the *Faragher/Ellerth* defense is not available in all cases. An employer may not assert the defense in two situations when vicarious liability automatically applies: (1) when the harassing supervisor is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy," or (2) "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Ackel*, 339 F.3d at 383-84 (internal citations and quotation marks omitted).

As noted above, Defendants do not oppose Hall's motion as it relates to the alleged acts of Gerald R. Lane. Indeed, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Hall's allegations regarding the acts of Gerald R. Lane because he was a proxy for the Company. (Doc. 64, p. 7.); *see also Ackel*, 339 F.3d at 383-84. Accordingly, Hall's request that the Court preclude

Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged acts of Gerald R. Lane is **GRANTED**.

In support of the motion, Hall also contends that Defendants must be precluded from asserting the *Faragher/Ellerth* defense because Defendants cannot meet either prong of the two-prong *Faragher/Ellerth* defense. However, Hall fails to point the Court to *any* evidence in the record to support this argument. As such, Hall has not met his burden of proof under Rule 56. Accordingly, Hall's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for the acts of other employees is **DENIED**.[3]

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff Byron Hall's Motion for Partial Summary Judgment (Doc. 62) is GRANTED IN PART** and **DENIED IN PART**.

- Hall's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for Gerald R. Lane's acts is **GRANTED**. Accordingly, Defendants are **PRECLUDED**

---

[3] In support of the motion, Hall further states, "Plaintiff does not concede that Garafola is not a supervisor. If the Court does in fact find that Garafola was a supervisor" (Doc. 62-1, p. 3) (incomplete sentence in original). To the extent Hall's incomplete sentence was an attempt to argue that Defendants must be precluded from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged acts of Wayne Garafola, the Court rejects such argument. First, Hall concedes in his memorandum in support of the motion that Gerald R. Lane "was the only harasser in the case of Byron Hall." (Doc. 62-1, p. 8.) Further, review of Hall's Amended Complaint reveals that Hall failed to identify, or allege harassment claims against Garafola. Thus, Defendants' ability to assert the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged acts of Garafola is not at issue.

from asserting the *Faragher/Ellerth* defense in response to Hall's allegations regarding the acts of Gerald R. Lane.

- Hall's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for the acts of other employees is **DENIED**.

Baton Rouge, Louisiana, this 15th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**